1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MICHELLE WEST,

11          Plaintiff,                    No. CIV S-09-2258 LKK KJM PS

12       vs.

13   ANIBAL SANTO-RIVERA, et al.,         ORDER AND

14          Defendants.                   FINDINGS AND RECOMMENDATIONS

15   _____/

16          Defendants' motion to dismiss came on regularly for hearing April 28, 2010.[1]

17   Plaintiff appeared in propria person.  J. Earlene Gordon appeared for defendants.  Upon review

18   of the documents in support and opposition,[2] upon hearing the arguments of plaintiff and

19   counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

20   /////

21

22          [1]  At the hearing on the motion to dismiss, plaintiff complained that the Clerk's office
     wrongfully declined to enter default against defendants.  Upon review of the docket, it is
23   apparent that the Clerk correctly declined to enter default inasmuch as service of summons was
     not proper under Federal Rule of Civil Procedure 4 and because defendant timely responded once
24   service of summons was appropriately effected.

25          [2]  In opposition to the motion to dismiss, plaintiff filed a document that purports to be a
     cross-motion for summary judgment.  The cross-motion for summary judgment does not comply
26   with Federal Rule of Civil Procedure 56 or Local Rule 260 and accordingly will be stricken.

1

1    In this action, plaintiff alleges claims arising out of her employment at a VA

2 clinic.[3] Defendants move to dismiss, contending this court lacks subject matter jurisdiction.[4]  In

3 the complaint, plaintiff alleges she was assigned to sharpen instruments by herself instead of with

4 another employee, and that she suffered a back injury.  Plaintiff further alleges that she was the

5 only black female in a department consisting of males.  Construing the complaint and exhibits

6 liberally, it appears plaintiff is attempting to state a claim under Title VII, a claim under the

7 Federal Torts Claim Act ("FTCA"), and a claim for breach of contract.

8    Title VII allows an employee to file suit in federal district court only after

9 administrative remedies have been exhausted.  42 U.S.C. § 2000e-16; see Vinieratos v. U.S. Dept

10 of the Air Force, 939 F.2d 762, 767-68 (9th Cir. 1991).  Although the exhibits plaintiff attached

11 to the complaint, and other exhibits filed later, indicate plaintiff went through an informal agency

12 EEO counseling process,[5] there is no evidence that plaintiff presented a formal EEO claim.

13 Plaintiff effectively conceded at the hearing on this matter that she had not done so.  Thus she has

14 not exhausted Title VII administrative remedies.  This court does not have subject matter

15 jurisdiction over plaintiff's Title VII claim.

16    Under the FTCA, plaintiff must also exhaust her administrative remedies prior to

17 instituting an action in federal court.  See Blain v. United States, 552 F.2d 289 (9th Cir. 1977);

18 see generally 28 U.S.C. § 1346(b)(1).  There is no evidence that plaintiff has exhausted her

19 administrative remedies with respect to the FTCA claim.  Although plaintiff has submitted a

20 copy of a claim purportedly submitted to the Department of Veterans Affairs, that claim is dated

21 August 12, 2009.  See Docket No. 3 at 4.  There is no evidence the claim was finally denied by

22

23    [3] The complaint, filed August 17, 2009, consists of a one page document and seven pages of attached exhibits.  On September 9, 2009, plaintiff filed additional exhibits.  The additional

24 exhibits were not attached to an amended complaint.  In ruling on the motion to dismiss, the court has considered all of the exhibits in determining whether leave to amend should be granted.

25    [4] Alternatively, defendants move to dismiss for failure to state a claim.

26    [5] In the EEO process, plaintiff identifies no discrimination based on a protected class.

2

1  the agency.  This action was filed August 17, 2009.  Because this action was filed just five days

2  after the tort claim purportedly was presented, plaintiff cannot invoke the six month provision

3  allowed under 28 U.S.C. § 2675(a).  Moreover, to the extent plaintiff is claiming negligence

4  giving rise to her on-the-job back injury, FECA provides the exclusive remedy for such a claim.[6]

5          With respect to plaintiff's breach of contract claim, plaintiff claims damages in

6  the amount of $350,000.  The claimed amount of damages exceeds the $10,000 limit for this

7  court's jurisdiction.  28 U.S.C. § 1346(a)(2).  Exclusive jurisdiction over plaintiff's breach of

8  contract claim lies with the Court of Federal Claims under the Tucker Act.  28 U.S.C. § 1491; see

9  Lee v. Blumenthal, 588 F.2d 1281, 1282 (9th Cir. 1979).

10         There is no evidence in the record that suggests plaintiff could amend her

11  complaint to properly plead exhaustion of administrative remedies, and plaintiff conceded at

12  hearing that all documents relevant to the exhaustion issue have been submitted to the court.

13  Subject matter jurisdiction is lacking for all of plaintiff's claims.  The motion to dismiss should

14  therefore be granted without leave to amend.

15         Accordingly, IT IS HEREBY ORDERED that:

16         1.  Plaintiff's cross-motion for summary judgment (docket no. 30) is stricken;

17         2.  The May 19, 2010 hearing on defendants' motion to strike plaintiff's cross-

18  motion for summary judgment (docket no. 33) is vacated; and

19         IT IS HEREBY RECOMMENDED that:

20         1.  Defendants' motion to dismiss (docket no. 29) be granted; and

21         2.  This action be closed.

22         These findings and recommendations are submitted to the United States District

23  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

24  fourteen days after being served with these findings and recommendations, any party may file

25  _____

26         [6]  It appears from the exhibits submitted by plaintiff that she may have made a worker's
   compensation claim related to her back injury.

written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  May 3, 2010.

_____
U.S. MAGISTRATE JUDGE

006
west-santos.57